CHARLEY MELBURN v. THE STATE.

No. 10897.     Delivered May 11, 1927.

**Burglary—Evidence—Hearsay—Improperly Received.**

Where, on a trial for burglary, the state was permitted on cross-examination of appellant's witness to prove that he had heard about appellant breaking into Wash Wheeler's store and leaving the county afterward (the offense for which appellant was on trial), the admission of this hearsay and damaging testimony demands the reversal of this case.

Appeal from the District Court of Lamar County. Tried below before the Hon. George P. Blackburn, Judge.

Appeal from a conviction for burglary, penalty six years in the penitentiary.

The opinion states the case.

*W. A. Hutchison* of Paris, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is burglary, punishment fixed at confinement in the penitentiary for a period of six years.

The accomplice Hale testified that he and four other persons went in an automobile to a point about a mile from the store of Wheeler; that the appellant and Woods left the car and returned with some property, including some overalls, which were divided among the members of the party. Wheeler testified to the breaking into of his store and to the theft of a number of articles, including bolts of checks, overalls, ginghams and shoes. The witness testified that about the premises he saw the tracks of four persons. However, he was not able to identify the tracks as those of the appellant. He also saw the tracks of an automobile.

The sheriff testified that there had been a shower of rain on the night on which the burglary took place; that on the following morning he examined the premises and found tracks of a Ford automobile. He afterward found the car and some of the stolen goods in it; that he later made efforts to find the appellant. He went to various places endeavoring to locate him. He also testified to the finding of some of the stolen articles in Hale's car.

Appellant introduced no evidence save that of one witness, sixty-seven years of age, who testified that the appellant had never been convicted of a felony. On cross-examination he was asked the following question:

"You heard about him breaking into Wash Wheeler's store and leaving the county after that, didn't you, and being gone two or three years?"

The defendant's objection was overruled, and the witness answered:

"Yes, I heard of some one breaking into the store, and that is who they said it was."

This was not competent to prove the offense. It was hearsay. State's counsel before this court concedes that its receipt was

error, and in this we concur, especially in view of the fact that penalty assessed was far above the minimum. We will add that we fail to find any testimony corroborative of the accomplice Hale. To sustain the conviction the law requires corroboration. Art. 718, C. C. P., 1925.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*